NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUYEN ESTELOW | |
| Plaintiff, | Case No. 2:21-cv-15495-SRC-LDW |
| v. | |
| GEMMA H. RANGGA, et. al, | **OPINION** |
| Defendants. | |

**CHESLER**, District Judge

　　This matter comes before the Court on the motions by Plaintiff Suyen Estelow for default judgment against Defendants Carlos Segundo Puli Caguana and Fabiola Giraldo (the "Defaulted Defendants"), pursuant to Federal Rule of Civil Procedure 55. The Court proceeds to rule without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the motions will be denied without prejudice.

### I.　BACKGROUND

　　On August 17, 2021, Plaintiff filed suit against the Defaulted Defendants and 13 other defendants (collectively, "Defendants") asserting negligence claims arising from a vehicle collision. (ECF No. 1 ("Compl.").) Numerous defendants who have appeared in this action have also asserted crossclaims against the Defaulted Defendants seeking, among other things, contribution in the event that these other defendants are found liable for Plaintiff's claims. (*E.g.* ECF Nos. 21–22, 24.)

On January 10, 2022, Plaintiff filed requests for entry of default as to the Defaulted Defendants and the Clerk of Court obliged the following day.  (ECF Nos. 44–45.)  On June 17, 2022, Plaintiff made the instant motions.  (ECF Nos. 54–55.)

## II.   DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter default judgment against a properly served defendant who fails to file a timely responsive pleading.  However, a party seeking a default judgment is not entitled to such a judgment as a right.  *See Franklin v. Nat'l Maritime Union of America*, No. 91-480, 1991 WL 131182, *1 (D.N.J. 1991), *aff'd*, 972 F.2d 1331 (3d Cir. 1992); *see also Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) ("[T]he entry of a default judgment is left primarily to the discretion of the district court.").

When deciding whether to grant a default judgment, "all well-pleaded allegations in a complaint, except those relating to the amount of damages, are admitted as true following a default." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1146 (3d Cir. 1990).  However, the Court must still determine "whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008).  Even where a Complaint is sufficient to state a claim against a defaulted defendant, where the motion for default judgment is made as to only one defendant in a multi-defendant case, "the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against non-defaulting defendants: if plaintiff loses on [the] merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants." *Animal Sci. Products, Inc. v. China Nat. Metals & Minerals Imp. & Exp. Corp.*, 596 F.Supp.2d 842, 849 (D.N.J.2008) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)); *see also* Charles A. Wright et. al., 10A Fed. Prac. & Proc. Civ. § 2690 (3d ed. 2015) ("judgment should not

2

be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted"). This practice is "strictly applied where the liability is joint and several." *See Alpine Fresh v. Jala Trucking Corp.*, 181 F.Supp.3d 250 (D.N.J. 2016).

The Complaint alleges that on or about October 31, 2020, Plaintiff was operating a motor vehicle near North Bergen, New Jersey.[1]   (Compl. ¶ 39.)   According to the Complaint, "Defendants, [*sic*] were the owners and operators of motor vehicles which were traveling at or near" the location of Plaintiff's vehicle and "Defendants' vehicles were involved in a motor vehicle collision with the Plaintiff's vehicle."  (Compl. ¶¶ 40–41.)  As a result of this collision, Plaintiff alleges serious, severe, and permanent injuries.  (Compl. ¶ 44.)  Plaintiff also includes a boiler-plate list of the Defaulted Defendants' alleged acts demonstrating their respective negligence which includes, among other acts, that the Defaulted Defendants "los[t] control [of their vehicles] from ice on the ground," "[o]perat[ed] [their] vehicle[s] into Plaintiff's lane of travel," and "[f]ail[ed] to maintain proper distance between vehicles."  (Compl. ¶¶ 45, 89.)

Here, the Clerk of Court properly entered default as to the Defaulted Defendants, but many other Defendants in this action are not in default.  In light of the Complaint's collective allegations, various claims for contribution against the Defaulted Defendants, and the risk that entry of default judgment could result in "potentially inconsistent judgment[s]," the Court concludes that it is not appropriate to grant Plaintiff's motion at this time.  *Alpine Fresh*, 181 F.Supp.3d at 258 (declining to grant default judgment against a defendant where another defendant asserted crossclaims seeking contribution and indemnification as to the defaulted defendant.).

---

[1]    The Complaint elsewhere identifies the location of the accident in Cape May County, New Jersey.  (Compl. ¶ 38.)  This discrepancy is immaterial to the instant decision.

**III.    CONCLUSION**

For these reasons, Defendant's motions for default judgment as to the Defaulted Defendants is denied without prejudice.  An appropriate Order will issue.


　s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge


Dated: June 27, 2022